031416Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TRACY A BAKKUM, | ) |
| Plaintiff, | ) No. 15 cv 2064 EJM |
| vs. | ) ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits. Briefing concluded February 1, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff claims the Administrative Law Judge's (ALJ) ruling constitutes failure to give proper controlling weight to the medical opinions of the examining physician Dr. Michelle Craig. She also claims that the ALJ failed support her decision with a treating or examining medical source, and to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Plaintiff was born in 1968. She has the severe impairment of status-post right L5-S1 partial hemi laminectomy, i.e. an injured back, for which she had surgery. (Tr. 20). The main disagreement between the parties is on whether that surgery substantially fixed her back or not. She has completed more than 12 years of schooling and did not attend special education as a child. The ALJ found that she could perform her past relevant work as a secretary, and also other work, such as a document preparer, charge account clerk, and order clerk. (Tr. 31).

Plaintiff first contends that the ALJ should have assigned greater weight to the opinion of Michelle Craig, D.O., a consultative examiner. The ALJ supplied reasons for the weight she assigned to Dr. Craig's report. Medical opinion should be weighed pursuant to the criteria set forth in 20 C.F.R. § 404.1527(c)(2). Relevant factors include:

1. whether the expert examined the claimant;

2. whether and to what extent the expert treated the claimant;

3. whether the opinion relies upon probative evidence and provides a persuasive rationale;

4. the consistency of the opinion with the record as a whole;

5. the specialization, if any, of the medical source; and

2

6.     any other relevant considerations, including the source's familiarity with the Commissioner's standards and the extent to which the source is familiar with the case record.

*Id.* §§ 404.1527(c)(1)-(6). Ultimately, "[it] is the function of the [commissioner] to weigh conflicting evidence and to resolve disagreements among physicians." Cline v. Colvin, 771 F.3d 1098, 1103 (8th Cir. 2014).

Dr. Craig opined that plaintiff "would have difficulty sitting during an 8-hour workday as she needs to move every 20 minutes or so." (Tr. 259). Dr. Craig also advised that plaintiff could not lift more than 20 pounds a few times an hour (Tr. 259). She recommended that plaintiff avoid "aggressive repetition," and stated that raising objects above her head might cause back pain (Tr. 259). She was likewise limited in crawling, stooping, and kneeling (Tr. 260). Dr. Craig explicitly attributed these limitations both to her examination and plaintiff's statements (Tr. 259).

The ALJ assigned little weight to Dr. Craig's opinion because (1) Dr. Craig acknowledged that she had premised her opinion, in part, on plaintiff's subjective allegations and (2) her objective examination did not appear consistent with the limitations assessed (Tr. 26-27). The ALJ surveyed the record as a whole and relied on other relatively benign examination results (Tr. 239, 244, 275-276, 279, 300) in addition to other evidence of record, such as plaintiff's part-time work (Tr. 27-29, 54, 258) and care for her grandchildren (Tr. 27-29, 59-60, 180, 267, 276, 278), to conclude that she should give some but not controlling weight to Dr.

3

Craig's opinion, which she did by finding that plaintiff had a severe back impairment that restricted her to a restricted range of sedentary work (Tr. 22-23).

In sum, Dr. Craig was not a treating physician, but was an examining physician who examined plaintiff once, gave a mixed opinion, from which the ALJ accepted much but not all of that opinion, working what she did accept into a severe limitation finding, and discounting the rest due to inconsistency with the record as a whole and undue reliance on plaintiff's subjective allegations of her own pain, after finding plaintiff not credible in that regard. This is supported by the record, per above.

Next, plaintiff claims that the ALJ improperly failed to have a treating or examining medical source underlie her RFC assessment. She alleges that the ALJ was required as a matter of law under Nevland v. Apfel, 205 F.3d 853, 858 (8th Cir. 2000) to obtain a treating or examining source medical opinion regarding her ability to perform work-related activities. Nevland does not go that far.

Nevland held that "once a claimant demonstrates that he or she is unable to do past relevant work, the burden shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to do other kinds of work." Id. Nevland goes on to hold that that burden must usually be met by "some medical evidence", including by a treating or examining medical source. At 857-58. Nevland relied heavily upon the fact that the ALJ had found in Step four that plaintiff could not do her past work, and went on to Step five and found that there was other

4

work she could do. Nevland required the Commissioner to assume the burden of proving in Step five with some medical evidence, presumptively (but not always) a treating or examining medical source, that plaintiff had an RFC that would allow other work that existed in the national economy.

In this case, however, the ALJ found that plaintiff is capable of performing her past work as a receptionist. Plaintiff states in her brief, p. 3, that "[t]he ALJ determined that Bakkum was unable to perform past relevant work as a receptionist," but this is just untrue. The ALJ found, in Finding 6, Tr. 31, that "[t]he claimant is capable of performing past relevant work as a receptionist." Therefore the analysis correctly ended at Step four; plaintiff could perform her past work, and thus she was not disabled. The Eighth Circuit has consistently held that Nevland is based on the shifting burden of proof and so applies only in cases arising at Step five of the sequential evaluation process. Casey v. Astrue, 503 F.3d 687 (8th Cir. 2007); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004.) This Court has explicitly stated that Nevland "does not compel remand in every case in which the administrative record lacks a treating doctor's opinion." Hattig v. Colvin, No. C12-4092 MWB, 2013 WL 6511866, at *10 (N.D. Iowa Dec. 12, 2013) (unpublished).

Once the special Nevland requirement is found not to apply to this case, the case reverts back to the usual standard asking whether there is substantial evidence in the record to support the ALJ's decision. There is.

The ALJ's decision reveals that she properly examined the record as a whole before arriving at a supportable RFC assessment (Tr. 23-30). This case involves a step-four disposition, for which the Eighth Circuit Court of Appeals requires a lower quantum of support. See Casey v. Astrue, 503 F.3d 687, 697 (8th Cir. 2007) (approving reliance on reviewing physician's report at step four and distinguishing contrary precedent involving step five dispositions). The ALJ placed significant weight (Tr. 29-30) on the opinions of Jan Hunter, D.O. (Tr. 72-74), and John May, M.D. (Tr. 83-85). The ALJ also relied upon plaintiff's fairly vigorous daily activities, which included working twelve-hours per week doing home care, caring for her grandchildren, and refinishing lawn ornaments and doing other small projects (Tr. 24, 26, 27, 29, 52, 54, 59-60, 180, 258, 267, 276, and 278). Plaintiff sought recertification as a home daycare provider (Tr. 26, 258). The ALJ also relied upon physical examination notes from multiple providers that yielded relatively benign results (Tr. 25-28, 239, 244, 275-276, 279, 300). The ALJ considered a neurosurgical evaluation performed by Chad Abernathy, M.D. Abernathy opined that plaintiff had a 7% disability rating (Tr. 25, 29, 244). The ALJ also that although plaintiff claimed total disability, she declined a full orthopedic assessment (Tr. 25, 244). Finally, the ALJ emphasized that plaintiff had reported excellent relief following surgery and that she attributed her unemployment to seeking custody of her grandchildren rather than disability (Tr. 28, 278). Consequently, the ALJ

permissibly relied on a panoply of evidence before finding that plaintiff could perform sedentary work with additional limitations.

The ALJ correctly decided this case at step four. There is substantial evidence to support it. The Eighth Circuit Court of Appeals held in <u>Casey v. Astrue</u>, that "<u>Nevland</u> does not preclude the ALJ's reliance on a reviewing physician's report at step four when the burden is on the claimant to establish an inability to do past relevant work." <u>Casey v. Astrue</u>, 503 F.3d 687, 697 (8th Cir. 2007). After careful consideration of the entire record, the court finds that the ALJ's finding that claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) is fully supported by the substantial weight of the medical evidence in this case.

Lastly, plaintiff contends that the ALJ improperly evaluated her subjective complaints and considered her not fully credible. The ALJ considered plaintiff's subjective complaints, but concluded her allegations of disabling symptoms were not credible based on the lack of corroborating objective medical evidence, her daily activities and her own testimony. When determining residual functional capacity, the ALJ must evaluate the claimant's credibility regarding her subjective complaints. <u>Pearsall v. Massanari,</u> 274 F.3d 1211, 1218 (8th Cir. 2001). In doing so, the ALJ must consider objective medical evidence and any evidence relating to a claimant's daily activities; duration, frequency and intensity of pain; precipitating and aggravating factors; dosage, effectiveness

and side effects of medication; and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ does not have to discuss each Polaski factor as long as the ALJ recognizes and considers the Polaski analytical framework, as he did here (Tr. 14-15). Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004). Credibility of a claimant's subjective testimony is primarily for the ALJ, not the reviewing court, to decide. Pearsall, 274 F.3d at 1218.

Based on the record, it is the court's view that the Commissioner's decision that plaintiff is not disabled based on the ALJ's analysis is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

March 14, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT